## J. M. CRAIG v. JOHN T. BURGESS ET AL.

**Landlord and Tenant—Purchase From Tenant—Inquiry.**

One who purchases property of a tenant on the leased premises is bound to make inquiry as to whether the tenant is indebted to the landlord, and as to whether the landlord has an exclusive lien on the property.

**Landlord and Tenant—Attachment for Rent.**

Where property of a tenant on the leased premises has been attached, it was held that it was proper for the court to order the surrender of a horse, to be sold in case the remaining property does not sell for a sum sufficient to satisfy the landlord's claim for rent, and if the horse cannot be surrendered, the remedy is by suit on the attachment bond.

APPEAL FROM BOURBON CIRCUIT COURT.

December 9, 1873.

OPINION BY JUDGE LINDSAY:

According to Craig's own statements he was not a *bona fide* purchaser. He bought the horse on the leased premises, knowing that Smith was the tenant of appellees. Under such a state of case he was bound to inquire as to whether or not the tenant was indebted to his landlord, and if so, whether they had an exclusive lien upon the horse.

If the horse had remained on the premises until the attachment was taken out, there could be no doubt but that the landlord's lien would have been superior to Craig's claim. Act February 16, 1858. That he was not found on the premises was the result of Craig's

purchase and removal, under circumstances from which notice of appellees' lien must be inferred.

The court properly adjudged that the horse was subject to appellees' attachment, but erred in rendering judgment on the bond. The bond does not conform to the provisions of Sec. 713, Civil Code; and as the property was taken under an attachment, and not under an execution or a distress warrant, it would have been improper to take the bond therein provided for. Neither is it in conformity to sec. 235, under the provisions of which it should have been taken. The court should have ordered a surrender of the horse, to be sold in case the remaining property did not sell for a sum sufficient to satisfy appellees' claim for rent. In case appellant can not surrender the horse, then appellee's remedy will be by suit on the bond.

Judgment reversed and cause remanded for further proceedings consistent with his opinion.

*Davis, for appellant.*

*R. Mann, for appellees.*